### No. 318
### INT. STEREO. & ELECTROTYPERS UNION, v. MEYER
Cincinnati Superior Court. Dec. Sept. 5, 1923

MARX, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

639. **INJUNCTION—Petition to enjoin violation of expired contract is dismissed as moot question.**

Plaintiff Union filed an amended petition on April 11, 1923, to enjoin defendant, Meyer, a former member, from working for an employer of non-union labor. It appears from the amended petition that the object of the suit is to enforce by injunction the negative covenants of a written contract entered into by the plaintiff and defendant under the terms of which defendant agreed that for a period of two years from July 28, 1921, he would not work for any employer who refuses to recognize plaintiff union or who required his employes to refrain from union membership.

The petition alleges that defendant went to work for such an employer and that defendant signed a written agreement with his employer to refrain from union membership. The petition asked that defendant be restrained for a period of two years from July 28, 1921, from working for an employer contrary to and in violation of his agreement with plaintiff.

A demurrer was filed to this amended petition April 28, 1923, on the ground that plaintiff has no legal capacity to sue, and second that sufficient facts to constitute a cause of action were not stated. The case was argued orally and both sides given until June 15, 1923, to submit briefs and authorities.

When the matter came before the court for decision the contract between the parties had expired on July 28, 1923, regardless of which the parties urged the court to render an opinion upon the issue. The court held:

If the court rendered an opinion and the injunction should be granted, it could not be used to operate after July 28, 1923, and there being no injunction in force, there would be nothing which the defendant could have reviewed in the upper court and that the converse would be true so far as the plaintiff is concerned, if the injunction was refused. The question involved has thus become a moot question and it is not the duty of the court to express an opinion upon it.

Attorneys—Wm. Thorndyke, A. L. Luebbers, Chas. L. Swain, for plaintiff; Densmore, Shohl & Sawyer and Chas. M. Leslie, for defendant; all of Cincinnati.

## ATTORNEY GENERAL
### No. 319
### In re TAX LEVY by TRUSTEES
### No. 1213. Dated Feb. 21, 1924

1159. TAXES—1. Township trustees may levy tax on property in a village situated within the township.

2. Joint action of township trustees with village within the township to purchase fire equipment not authorized by statute.

3. Townships denied right to purchase fire apparatus in absence of volunteer fire department.

C. C. CRABBE, Atty. Gen.

Epitomized Opinion

Published Only in Ohio Law Abstract

The questions are:

1. May trustees of a township, in which an incorporated village is located, levy tax on all of the property of the township, including that in the village, for fire protection for territory outside of the village, when the village has provided its own fire protection?

2. May the trustees enter into an agreement with the council of the village for the joint upkeep of a fire department?

3. May the trustees install additional equipment in the fire stations used by the village so that there will be protection for both the village and the territory outside?

4. May the trustees purchase fire equipment for fire protection in a township when no volunteer fire department has been established?

The answers are:

1. The clear inference from 3298-55, 3292, 3411, and 3413 GC. is that when township trustees levy a tax on all of the property of the township, the levy falls upon the property in a village that is within the township, unless there are express statutory provisions exempting the village property from the levy. So that the first question is answered in the affirmative.

House Bill No. 332, 108 OL., Part 2, 1122, authorizing township trustees to provide for fires, is discussed in the opinions of 1920, Vol. 2, p. 265, where it is stated in effect that statutes do not authorize the joint purchase of fire apparatus by township trustees and the council of a village within the township. So that the second and third questions are answered in the negative.

The language of 3298-54 GC. clearly makes the purchase and the providing of fire apparatus contingent upon the existence of a volunteer fire company, so that the fourth question must be answered in the negative.

---

### No. 320
### In re SCHOOL BONDS
### No. 912

1065. SCHOOLS—A tax levy by Board of Education under 5655-3 GC., as amended 110 OL., is within the three mill limitation provided by 5649-3a GC.

C. C. CRABBE, Atty. Gen.

Epitomized Opinion

Published Only in Ohio Law Abstract

The questions are whether a tax levy under 5655-3 GC, as amended 110 OL. 324, is within the three mill limitation, as provided in 5649-3a GC., or within the fifteen mill limitation, or outside of all tax limitations, and if within these limitations, and such limitations have already been reached, how are such bonds to be issued?

Secs. 5655-1, 5655-2, 5655-3, 5649-2, 5649-3a, 5649-5b GC. are pertinent.

Sec. 5655-3 GC. authorizing issuance of bonds and levy of a tax does not make such levies without the limitations of the Smith Law in so many words. In construing statutes, the general rule is that it must be considered that the legislature has knowledge